```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

```
United States of America,       :

        Plaintiff,               :

     v.                          :    Case No. 2:06-mj-06

Derrick L. Johnson,              :

        Defendant.                :
```

## DETENTION ORDER

The above defendant appeared before the Court for a detention hearing on January 11, 2006.  He was detained without bond following the hearing.  This order is intended to set forth in writing the reasons for that decision.

The defendant was charged in the Southern District of West Virginia with drug trafficking.  According to a DEA Task Force Officer from Charleston, West Virginia, a confidential source purchased approximately one-half kilogram of cocaine from the defendant in St. Albans, West Virginia.  The defendant then fled from police in a dangerous fashion after attempts were made to stop him.  After he lost police during a chase, agents found $16,000 in currency along the chase route.  The defendant was identified as the drug trafficker by the informant, a police officer, and through videotape evidence.  The government's request for detention was based upon probable cause to believe that the defendant had committed a serious drug offense.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties

outside the United States. Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The defendant presented a witness on his behalf. Beverly King, a childhood friend of his from Flint, Michigan who now lives in Columbus, testified that the defendant has lived with her for approximately five months and is helping her with household bills. He also works in the construction trade. She would permit him to live at her residence under electronic monitoring.

The Pretrial Services Report indicates that the defendant has a past weapons conviction in 1994 for which he was sentenced to 36 months probation. He was again charged with a weapons offense in 2000 but pleaded guilty to a lesser included offense and served seven months in jail. He has no prior drug

3

convictions.  He did fail to appear in court in 1993 on a traffic charge.  However, the Court concluded that because of the remoteness in time of that incident, it was not particularly relevant to the issue of detention in this case.

Here, the presumption of detention prevailed over any alternative evidence.  Although the defendant has ties to this community and appears to be gainfully employed, he has only lived at his current residence for approximately five months.  He does have prior weapons charges and traveled from Columbus, Ohio to West Virginia in order to sell a substantial amount of cocaine.  His flight from officers attempting to stop him is an additional indicator of a risk of flight.  Under all these circumstances, the Court concluded that the presumption had not been rebutted and that the defendant should be detained without bond pending further proceedings.

The defendant has the right to seek review of this Detention Order from a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge